**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| MALIBU MEDIA, LLC, | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-13-365 |
| JOHN DOE, subscriber assigned IP address 98.231.146.215, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION[1]**

Plaintiff filed this action for copyright infringement arising out of the unauthorized download and distribution of copies of Plaintiff's numerous pornographic films using the BitTorrent file distribution network. Plaintiff initially identified Defendant only by his IP address and, with leave of the Court, was able to obtain his identity by subpoenaing records from Defendant's internet service provider. Defendant has moved to dismiss on the basis that his IP address alone is an insufficient basis on which to allege that he was the infringer of any copyrights. Plaintiff has responded, arguing that under Fed. R. Civ. P. 8, it is plausible that the subscriber associated with an IP address is the infringer and that Plaintiff has a good-faith belief that Defendant is the infringer after briefly deposing him. I agree with Plaintiff and deny the motion.

---

[1] This Memorandum Opinion and the accompanying Order dispose of (1) Defendant [REDACTED]'s Motion to Dismiss Second Amended Complaint ("Def.'s Mot. to Dismiss"), ECF No. 49, and supporting Memorandum ("Def.'s Dismiss Mem."), ECF No. 50, and Plaintiff Malibu Media, LLC's Opposition ("Pl.'s Dismiss Opp'n"), ECF No. 58, and (2) Plaintiff's Motion for Leave to File Second Amended Complaint ("Pl.'s Mot. to Am."), ECF No. 46.

## I. BACKGROUND

Plaintiff Malibu Media, LLC (d/b/a X-Art.com) ("Malibu") filed this action alleging that Defendant violated its copyrights in 131 pornographic films (the "Films") through his use of the BitTorrent file distribution network. Am. Compl. ¶¶ 30–34, ECF No. 37. Malibu filed its initial complaint naming a Doe Defendant, Compl., ECF No. 1, and shortly thereafter filed a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Pl.'s Mot. for Expedited Discovery"), ECF No. 4, and supporting Memorandum ("Pl.'s Discovery Mem.") in which Malibu stated that it had been able to determine that its copyrighted films were downloaded over the BitTorrent network by a subscriber at a particular internet protocol ("IP") address, but that Malibu could not identify and serve the subscriber without subpoenaing his internet service provider ("ISP"), Pl.'s Discovery Mem. 3.

Following several communications with counsel and a hearing before Judge Roger W. Titus and me, I issued the order that, with minor modifications, has become the template for all of Malibu's many cases in this Court. *See* Order, ECF No. 31. The Order recognized "concerns . . . as to the sufficiency of the allegations of complaints because association of an IP address with a customer may be insufficient to state a claim," and "reports of plaintiffs undertaking abusive settlement negotiations with Doe Defendants due to the pornographic content in the copyrighted works, the potential for embarrassment, and the possibility of defendants paying settlements even though they did not download the plaintiff's copyrighted material." *Id.* at 2 (footnotes omitted). To guard against these pitfalls, the Order allowed Malibu to subpoena Defendant's ISP but established a number of procedural protections for Defendant, including the opportunity to move to quash the subpoena before his ISP responded, protection from disclosure of his or her identity, and a prohibition against Malibu initiating settlement

communications with an unrepresented Defendant. *Id.* ¶¶ 3–5. In addition, to minimize the possibility that Malibu would proceed against an innocent subscriber not responsible for the alleged infringement, Malibu was given permission to conduct a brief, one-hour deposition of the subscriber "regarding whether the Subscriber was responsible for downloading the copyrighted work." *Id.* ¶¶ 4.a–c.

Shortly after the Order granting Plaintiff's Motion for Expedited Discovery was entered, Malibu filed an Amended Complaint adding, *inter alia*, additional allegations of infringement by Defendant, *see* Redlined Am. Compl., Am. Compl. Supp., ECF No. 37-5, and a Second Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Pl.'s 2d Mot. for Expedited Discovery"), ECF No. 38, which was granted on October 7, 2013, Order, ECF No. 41. As amended, Malibu's complaint alleges that Defendant has infringed the copyrights in 131 individual films.

On December 9, 2013, Malibu received a response to its subpoena identifying the Doe Defendant as [REDACTED]. Pl.'s Mot. for Leave to File 2d Am. Compl. ("Pl.'s Mot. to Am.") ¶ 3, ECF No. 46. Pursuant to the Order, Malibu deposed Defendant on March 7, 2014. Pl.'s 3d Mot. for Extension of Time Within Which It Has to Serve John Doe Def. With a Summons and Compl. ("Pl.'s 3d Mot. to Extend") ¶ 4, ECF No. 42. After reviewing the deposition and "determin[ing] that the subscriber is most likely the infringer," Pl.'s 4th Mot. for Extension of Time Within Which It Has to Serve John Doe Def. with a Summons and Compl. ("Pl.'s 4th Mot. to Extend") ¶ 5, ECF No. 44, Malibu obtained a waiver of service from Defendant's counsel, Waiver of Service, ECF No. 45, and filed a motion to amend the complaint to name the subscriber as the Defendant under seal, Pl.'s Mot. to Am. Defendant has not filed a response to the Motion to Amend, and the time to do so has passed. Loc. R. 105.2.

On June 9, 2014, Defendant filed a Motion to Dismiss Second Amended Complaint ("Def.'s Mot. to Dismiss"), ECF No. 49, accompanied by a supporting Memorandum ("Def.'s Dismiss Mem."), ECF No. 50.  Because Plaintiff's Second Amended Complaint has not yet been accepted by the Court but contains only minor changes from the first Amended Complaint, I will construe Defendant's Motion to Dismiss as a motion to dismiss the operative Amended Complaint.  Malibu filed an opposition ("Pl.'s Dismiss Opp'n"); Defendant has not replied and the time to do so has passed.  Loc. R. 105.2.  Having reviewed the filings, I find a hearing is not required.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79; *see also Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see also CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).

### III.  DISCUSSION

#### A.  Motion to Dismiss

Defendant does not dispute that the factual allegations in Malibu's Amended Complaint are sufficient to state a claim for copyright infringement. Pl.'s Dismiss Mem. 5. Rather, he argues that Malibu has failed to state a claim against *him* because the mere fact that the Films were downloaded by a person at his IP address is "insufficient to state a facially plausible claim that [Defendant] personally infringed on the movies at issue." *Id.*

At root, Defendant misconstrues the role of a complaint and the pleading standards of Fed. R. Civ. P. 8.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, *accepted as true*, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted). Here, the factual allegations in the complaint require no inferences at all: Malibu has alleged that "[b]y using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit." Am. Compl. ¶ 31. If Defendant did so, and

5

Malibu held a valid copyright in the Films (which Defendant concedes, Def.'s Dismiss Mem. 5), then no further inference is needed to find Defendant liable for copyright infringement, *see* 17 U.S.C. §§ 106, 501.

To support his position, Defendant mischaracterizes the allegations in the complaint and contests not the plausibility of Malibu's allegations, but their underlying factual support. First, Defendant objects to Paragraph 20 of the Amended Complaint, which states: "On information and belief, Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated on Exhibit A." Am. Compl. ¶ 20.[2] According to Defendant, in making this allegation "[o]n information and belief," Malibu has made an unsupported "conclusory leap between [REDACTED]'s IP address and [REDACTED] personally." Def.'s Dismiss Mem. 6. But read in context, it is apparent that Malibu is not alleging, on information and belief, that Defendant was the infringer, but rather that the act of infringement—that is, of downloading, copying, and distributing the Films in their entirety—can be inferred from the fact that Malibu's investigator was able to download portions of the Films from Defendant's IP address, even though it lacks firsthand knowledge that anybody at that IP address actually downloaded the films.

"The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). To argue the contrary, Defendant ignores the difference between a case in which

---

[2] Although Defendant's arguments actually relate to paragraph 19 of Malibu's proposed Second Amended Complaint, ECF No. 47, the operative Amended Complaint, *see supra*, contains an identical allegation at paragraph 20, Am. Compl. ¶ 20.

pleading "'upon information and belief' is used as an inadequate substitute for providing detail as to why the element is present in an action . . . in contrast to proper use of 'upon information and belief,' where a plaintiff does not have personal knowledge of the facts being asserted." *Lilley v. Wells Fargo N.A. (In re Lilley)*, No. 10-81078C-13D, 2011 WL 1428089, at *3 (Bank. M.D.N.C. Apr. 13, 2011); *see also Fontell v. McGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *8 (D. Md. Aug. 6, 2010) (claims that defendants did not discriminate against other employees "upon information and belief" were insufficient where not supported by any factual allegations); *Brown v. Herron*, No. AW-08-2696, 2009 WL 2366131, at *3–4 (D. Md. July 28, 2009) (allegations that emergency personnel discriminated against plaintiff's husband "on information and belief" were insufficient where plaintiff could not allege any supporting facts). The inference that the person from whom Malibu's investigator downloaded the Films likely had downloaded them first and was copying and distributing them clearly is plausible, and Malibu may rest its conclusion that an earlier act of infringement preceded the distribution of the Films on information and belief.

Defendant is on firmer ground in arguing that his IP address, standing alone, is not a sufficient basis to bring a claim against him personally. *See* Def.'s Dismiss Mem. 8. Several courts have found it troubling that the subscriber associated with a given IP address may not be the person responsible for conduct traceable to that IP address. *See, e.g.*, *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237–38 (E.D.N.Y. 2012) (finding an IP address an insufficient basis to identify a defendant because "the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner"); *Patrick Collins, Inc. v. Does 1–4*, No. 12 Civ. 2962(HB), 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012) ("The fact that a copyrighted work was illegally

7

downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer." (citation omitted)). And some courts have adopted the view that an IP address is not—or may not be—a sufficient basis on which a plausible claim can lie against a subscriber. *See, e.g.*, *Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014) ("While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers. Plaintiff has failed to adequately allege a claim for direct copyright infringement."); *Malibu Media, LLC v. Tsanko*, No. 12-3899(MAS)(LHG), 2013 WL 6230482, at *10 (D.N.J. Nov. 30, 2013) ("The Court questions whether these allegations are sufficient to allege copyright infringement stemming from the use of peer-to-peer file sharing systems where the Defendant-corporation is connected to the infringement solely based on its IP address. It may be possible that Defendant is the alleged infringer that subscribed to this IP address, but plausibility is still the touchstone of *Iqbal* and *Twombly*."); *AF Holdings LLC v. Rogers*, No. 12CV1519 (BTM)(BLM), 2013 WL 358292, at *3 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement."); *see also In re BitTorrent Adult Film Copyright Infringement Claims*, 296 F.R.D 80, 85 (E.D.N.Y. 2012) ("[I]t is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say that an individual who pays the telephone bill made a specific telephone call.").

This skepticism that an IP address standing alone is sufficient to identify a given copyright infringer is understandable. In granting Malibu's Motion for Expedited Discovery:

> [t]he Court [was] aware that in similar cases filed by plaintiffs in other jurisdictions against Doe Defendants, there have been concerns raised as to the

> sufficiency of the allegations of complaints because association of an IP address with a customer may be insufficient to state a claim. There also have been reports of plaintiffs undertaking abusive settlement negotiations with Doe Defendants due to the pornographic content in the copyrighted works, the potential for embarrassment, and the possibility of defendants paying settlements even though they did not download the plaintiff's copyrighted material.

Order 2, ECF No. 31.

But in my view, these concerns do not go to the requirements of Rule 8 or render allegations to that effect implausible for the purposes of Fed. R. Civ. P. 8(a), *Iqbal*, and *Twombly*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To require Malibu to prove that the subscriber more likely than not is the infringer—that is, to meet its ultimate burden of proof—at the pleading stage would turn the civil litigation process on its head; "there is no requirement that Malibu present at this stage actual evidence to support the merits of its infringement allegations." *Malibu Media, LLC v. Doe*, Nos. MJG-14-223, RWT-14-257, PWG-14-263, 2014 WL 4682793, at *4 (D. Md. Sept. 18, 2014). As I previously have observed, "it takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a *plausible* claim that the file was downloaded by the subscriber at that IP address." *Patrick Collins, Inc. v. Osburn*, No. PWG-12-1294, 2014 WL 1682010, at *4 (D. Md. Apr. 28, 2014) (emphasis added).

In a similar case, "Plaintiff's counsel estimated that 30% of the names turned *over* by ISPs are not those of the individuals who actually downloaded or shared copyrighted material." *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012). But assuming that this number is typical, it also suggests a 70% chance that the subscriber and the infringer are one and the same—a percentage that suggests that it is, at the very least, plausible that an IP address identifies the correct defendant. Other courts have agreed that, notwithstanding other concerns,

for the purposes of Rule 8, a plaintiff may conclude that the subscriber associated with an IP address is the likely infringer of a copyright. *See, e.g.*, *Malibu Media LLC v. Gilvin*, No. 3:13-CV-72 JVB, 2014 WL 1260110, at *2 (N.D. Ind. March 26, 2014) ("Plaintiff's allegation that its investigator connected to a computer associated with Defendant's internet account and was able to download bits of Plaintiff's copyrighted movies from it supports a plausible claim that Defendant infringed on Plaintiff's copyrighted works . . . ."). While success at trial might require additional proof, at the pleading stage Malibu has met its burden.

Furthermore, the pleading standard sought by Defendant is practically unworkable in a case such as this. In cases not involving the anonymity afforded by the Internet, it often is simple to identify a potential copyright infringer by the allegedly infringing act itself. *Cf., e.g.*, *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) (allegedly infringing song openly was attributed to its authors, the music group 2 Live Crew); *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154 (3d Cir. 1984) (defendant video store infringed when it exhibited video tapes of copyrighted films). But in a case such as this, it appears that the only information available to Malibu after its pre-filing investigation was that a person at Defendant's IP address appeared to be sharing its Films, as well as other copyrighted files, without permission. *See* Am. Compl. ¶¶ 18–26. Although it is well-established that a plaintiff may bring a case against an unidentified defendant, *see, e.g.*, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the defendant nevertheless must be "an actual person," and it must "appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court." *Schiff v. Kennedy*, 691 F.2d 196, 197–98 (4th Cir. 1982). There is no question that Defendant is a real person—indeed, he now has appeared to defend this action. But the Federal Rules of Civil Procedure do not even begin to apply until a plaintiff has

filed a complaint with the court, *see* Fed. R. Civ. P. 1–3; *see also* Hon. Paul W. Grimm et al., *Proportionality in the Post-Hoc Analysis of Pre-Litigation Preservation Decisions*, 37 U. Balt. L. Rev. 381, 398 (2008).  So unlike some state procedures under which a plaintiff in Malibu's shoes might engage in pre-action discovery to identify the likely infringer, *see, e.g.*, N.Y. C.P.L.R. § 3102(c) ("Before an action is commenced, disclosure to aid in bringing an action . . . may be obtained, but only by court order."); *Holzman v. Manhattan & Bronx Surface Transit Operating Auth.*, 707 N.Y.S.2d 159, 160 (App. Div. 2000) ("Pre-action discovery may be appropriate to preserve evidence or to identify potential defendants . . . ."), Malibu cannot engage in discovery to probe the facts underlying its claim without first naming a defendant.  Unless Malibu is permitted, at least in the initial stages of litigation, to proceed against a subscbriber, it will be caught in a Catch-22 in which it cannot commence an action without engaging in discovery to determine the actual infringer but cannot engage in discovery without first filing a complaint.

But this is not to say that an innocent subscriber whose IP address has been linked to an infringing download of pornography is without protection.  First, an innocent subscriber always may volunteer information to show that he is not the infringer and a plaintiff presented with such credible information could not proceed against him in good faith.  *Cf. In re BitTorrent Cases*, 296 F.R.D. at 85–86 (finding it "highly inappropriate" for plaintiff to disregard subscriber's offer of proof that he was not the infringer and continue to push for a substantial monetary settlement).  And in any event, Federal Rules of Civil Procedure 11 and 26, as well as 17 U.S.C. § 505, provide substantial means to protect an innocent subscriber.

At the outset, because cases in which a defendant can be identified only by an IP address require discovery before the defendant can be identified and served and, therefore, before a Rule 26(f) conference can be held, the court has an opportunity to review such cases at their inception.

11

*See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except [*inter alia*] . . . when authorized by these rules, by stipulation, or by court order."). In this case, the Court thoroughly reviewed not only the record before it, but also the broader pattern of copyright litigation by similarly situated plaintiffs, before carefully crafting a process that allows Malibu to obtain the information it requires to enforce its copyrights while still providing a substantial measure of protection against the abuse of innocent subscribers or vulnerable defendants generally. *See, e.g.*, Memorandum from Hon. Roger W. Titus & Paul W. Grimm to Counsel, *Malibu Media, LLC v. Doe*, No. RWT-13-360 (D. Md. March 1, 2013), ECF No. 9 (setting forth a list of issues that Malibu would be expected to address at the hearing on Malibu's discovery motions).

The Order used by this Court in Malibu's many cases takes full advantage of the Court's authority to place limitations on early discovery, granting a defendant the opportunity to seek to quash the subpoena and preventing Malibu from disclosing a defendant's identity or initiating coercive settlement talks. *See* Order, ECF No. 31; *see also Humphrey v. Sallie Mae, Inc.*, No. 3:10-cv-01505-JFA, 2010 WL 2522743, at *1 (D.S.C. June 17, 2010) ("The court has discretion when deciding matters related to the timing and scope of discovery."); *Digital Sin, Inc. v. Does 1–5698*, No. C 11-04397 LB, 2011 WL 5362068, at *5 (N.D. Cal. Nov. 4, 2011) (issuing protective order, *inter alia*, requiring plaintiff to treat Doe identifying information as confidential); 6 *Moore's Federal Practice* § 26.121 ("Expedited discovery may be granted on a limited basis . . . ."); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, undue burden, or expense . . . ."). And of course, even without these restrictions, were Malibu pursuing this discovery in bad faith or with the intent to harass a defendant, its actions would run afoul of Fed.

R. Civ. P. 26(g). *See* Fed. R. Civ. P. 26(g) advisory committee's notes to the 1983 amendments ("Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner . . . ."); *see also Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D 354, 357–58 (D. Md. 2008). So before Malibu may obtain a subscriber's identity, it not only must be acting in good faith, but convince the court of the need for such information and accede to any conditions or limitations on discovery that the court views as necessary.

More to the point, "[a]lthough a party is granted substantial flexibility in framing his pleadings under Federal Rule 8[], the person responsible for the document is at all times subject to the obligations set forth in Rule 11." 5 Charles Alan Wright et al., *Federal Practice & Procedure: Civil* § 1285. Fed. R. Civ. P. 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>     . . . .
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). If Malibu was to proceed against a subscriber without the good faith belief that he was the actual infringer—or if it were to do so simply because it wished to use its leverage to extract a favorable settlement without regard to whether it had named the proper defendant—it would run afoul of Rule 11 and be subject to sanctions. In most cases, the protections of Rule 11 are sufficient to ensure that the presumption of truth given to the allegations in the complaint does not give plaintiffs carte blanche to level accusations at innocent defendants without basis. *See Francis v. Giacomelli*, 588 F.3d 186, 192–93 (4th Cir. 2009) (explaining that the interplay of Rules 8, 9, and 11 demonstrate a "policy that plaintiffs may

13

proceed into the litigation process only when their complaints are justified by both law and fact"). And even if there is a 70% chance that any given subscriber is the actual infringer so that such an assumption is plausible for the purposes of Rule 8, *see supra*, it is unlikely that a scattershot litigation strategy that wholly disregarded the likelihood that innocent subscribers would be named as defendants nearly one-third of the time would comport with Rule 11 or suggest an inquiry that is "reasonable under the circumstances" in light of the considerable expense and embarrassment that could result to innocent parties. *See* Fed. R. Civ. P. 11(b).

My earlier Order provided the means to avoid unnecessarily proceeding against non-infringing subscribers and, by so doing, implicitly placed heightened obligations on Malibu to compensate for the risks to those subscribers. *See* Order 2, ECF No. 31. Malibu was authorized to conduct a short deposition of the subscriber before amending its complaint to name him as a defendant, *id.* ¶ 5.a–b, allowing Malibu to weed out subscribers who are unlikely to have infringed Malibu's copyrights themselves or—as here—to determine that the subscriber is the likely infringer because his "Internet was secured at all times during the infringement period" and "he has used BitTorrent to download files." Pl.'s Dismiss Opp'n 3. Though Malibu is correct that this does not "raise the pleading standards" to which Malibu is subject under Rule 8, Pl.'s Dismiss Opp'n 7, in a practical sense, the obligation to conduct "an inquiry reasonable under the circumstances" before filing a new pleading with the Court, Fed. R. Civ. P. 11(b), likely requires Malibu to conduct such a deposition in most cases.[3] There is no question that Malibu has complied with that obligation here.

---

[3] However, it is not hard to conceive of instances in which a deposition would be impractical, unduly difficult or costly, or rendered unnecessary by other facts that support naming a subscriber as a defendant. And of course, Malibu need not depose a subscriber if it determines for other reasons not to proceed against him. Because Malibu already has deposed Defendant, there is no need to sketch out precisely when and under what circumstances Rule 11 obligates Malibu to depose a given subscriber, and I will not do so here.

Defendant argues that the complaint "fails to allege any new facts" based upon his deposition, Def.'s Dismiss Mem. 3, but neither Rule 8 nor Rule 11 requires Malibu to allege *every* fact in its possession that could support its claim. So long as the facts that Malibu *has* alleged "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3), Malibu must allege only those facts that are necessary to state a claim, and no more. *But see* Fed. R. Civ. P. 11 advisory committee's note to the 1993 amendments ("[I]f evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention.").

Finally, the fact that this is an action to enforce a copyright provides an additional measure of protection to an innocent subscriber. In any copyright case, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by [the Copyright Act], the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. This fee-shifting provision recognizes that "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994). Should a copyright plaintiff pursue an action against a subscriber where it is objectively unreasonable to do so, a defendant may be compensated for the burden and expense of defending himself. *See Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994) (finding abuse of discretion where district court refused to award fees when plaintiff's "position was objectively frivolous" and defendant "should not have been penalized for proceeding to trial and having those allegations declared false").

There is no doubt that lawsuits alleging the infringement of copyrights through internet downloading of pornography may raise real concerns of potential abuse. But those concerns adequately are addressed by the existing interplay of procedural rules and this Court's order and, in any event, they do not alter the pleading standards set by Rule 8, *Iqbal*, and *Twombly*, or the fact that it is at least plausible that the subscriber associated with an IP address is responsible for infringement at that IP address. Courts have not hesitated to sanction unscrupulous plaintiffs who have made blatant misrepresentations in pleadings in order "to identify defendants and exact settlement proceeds from them," *Ingenuity 13, LLC v. Doe*, No. 2:12-cv-8333-ODW-JC, at 5 (C.D. Cal. May 6, 2013), ECF No. 130, and attempted to strong-arm innocent subscribers into coercive settlements without regard to their actual liability, *see, e.g.*, *In re BitTorrent Cases*, 296 F.R.D. at 85–86; *K-Beech, Inc. v. John Does 1–85*, No. 3:11cv469-JAG, 2011 WL 10646535, at *2–3 (E.D. Va. Oct. 13, 2011). But despite having dozens of suits in this District, there is no indication to date that Malibu has failed to comply with the dictates of the Federal Rules and this Court's orders, and so there is no reason to depart from the procedures currently in place or to buttress the protections for subscribers that already are in place. Accordingly, Defendant's motion to dismiss will be denied.

### B. Motion to Amend

Malibu also has filed a Motion for Leave to File Second Amended Complaint, seeking to amend its complaint (1) to name [REDACTED] as Defendant; (2) to change the name of Malibu's investigator from "IPP Limited" to "IPP International UG," and (3) to revise allegations about Defendant's alleged downloads of files for which Malibu does not own the copyright, but which Malibu claims are relevant to show "that Defendant is a persistent BitTorrent user" and that he is likely to be the infringer because those files relate to his personal

16

interests.  *See* Redlined 2d Am. Compl., Pl.'s Mot. to Am. Supp., ECF No. 47-3.

Whether to grant a motion for leave to amend is within this Court's discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  The Court only should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility," *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013); *see Foman*, 371 U.S. at 182 (stating that the court also may deny leave if the plaintiff has amended more than once already without curing the deficiencies in the complaint); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  Malibu's motion is unopposed, and there is no indication that these relatively minor amendments would work prejudice, reward bad faith, or be futile.  Accordingly, the motion for leave to amend will be granted.  Because Defendant's identity remains confidential, the unredacted Second Amended Complaint, ECF No. 47, will be docketed under seal, and the redacted version provided by Malibu, ECF No. 46-1, will be entered on the public docket.

## IV.    CONCLUSION

In sum, for the aforementioned reasons, Defendant's Motion to Dismiss will be DENIED, and Malibu's Motion to Amend will be GRANTED.

A separate order will follow


Dated: <u>December 16, 2014</u>                                                      /S/                        
                                                                                          Paul W. Grimm
                                                                                          United States District Judge


dsy